Reese, J.
delivered the opinion of the court;
Robert Hicks, the father of Sarah Bell, afterwards Sarah Medaris, in 1767, conveyed by deed of gift a negro woman; slave, named Violet, to Barbara, the eldest daughter of Mrs. Bell, reserving the use for life to Mrs. Bell. Barbara intermarried with one Powers; and on the 28th of November, 1804, to obtain immediate possession, it is probable, of some of the children of Violet, Powers and wife conyeyed Violet and several of her children and descendants to Medaris and wife, and Medaris on the next day conveyéd them to his son, Washington Medaris, in trust for the separate use and benefit, and as the separate property, of his wife Sarah Medaris, covenanting that she might convey or appoint by will or deed the negroes in question to such persons as she might think proper. She made no appointment.
The husband survived her. The complainant insists, that as one of the children of Sarah Medaris, she is entitled to an interest in these negroes. The. complainant in this, is clearly mistaken. The separate property of the wife, as to which, un- *629 dei articles, she has the power of disposition by will or deed, belongs upon her death to the husband surviving, in virtue of his marital rights, if the wife shall have made no appointment. This will now be. admitted by all upon a mere statement of the case. It is elaborately discussed, however, by chancellor Kent, and so decided in the case of Stewart vs. Stewart, 7 John. Ch. Rep. 229.
Notje. — The husband is the next of kin to his wife by relation of marriage; and in case of her death be takes her personal property, byreason of that relation. 7 John. Ch. Rep. 247.